IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

ROBERT SCHLEINING,

      Plaintiff,

v.

KNOTT BROTHERS TRUCKING, LLC,
a Nebraska limited liability company;
KEYES TRUCKING, INC.,
a Nebraska corporation;
and
THE ESTATE OF ELDON SCHARFF,

      Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, Robert Schleining, by his counsel of record, for his Complaint and Jury Demand against Defendants, Knott Brothers Trucking, LLC, a Nebraska Limited Liability Company, Keyes Trucking, Inc., a Nebraska corporation, and the Estate of Eldon Scharff alleges as follows:

### PARTIES

1. Plaintiff Robert Schleining is a resident of Shepard, Montana.

2. Defendant Knott Brothers Trucking, LLC is a Nebraska Limited Liability Company with its principle place of business in Gretna, Nebraska.

3. Defendant Keyes Trucking, Inc. is a Nebraska corporation with a principle place of business in Springfield, Nebraska.

4. Eldon Scharff, deceased, was a resident of Lincoln, Nebraska. Upon information

and belief, his estate was opened and probated or administered in Nebraska, and is legally liable for the debts, liabilities and obligations of Eldon Scharff as the Estate of Eldon Scharff.

## JURISDICTION AND VENUE

5.     There is compete diversity between the parties and the Plaintiff alleges an amount in controversy in excess of $75,000, exclusive of interests and costs; accordingly, the Court has subject matter jurisdiction over this action pursuant to 28 USC §1332.

6.     The Court has personal jurisdiction over the Defendants by virtue of Defendants' operations and presence in this District, by their transacting business in or directed at this District, by their commission of a tortious act that caused injury and damages in this District, and/or by otherwise purposefully availing themselves of the benefits and privileges of the laws of this District by regular, continuous and systematic contacts with this District.

7.     Venue is proper in this Court pursuant to 28 USC § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, because the collision that is the subject of the claims in this suit occurred in this District and Plaintiff sustained injuries and damages in this District.

## GENERAL ALLEGATIONS

8.     On or about March 1, 2007, Eldon Scharff was driving eastbound on Colorado 14 in Weld County, Colorado, in a Peterbuilt tractor trailer, owned by Keyes Trucking, Inc. and leased to Knott Brothers Trucking, LLC.

9.     At that same time and place, Robert Schleining was driving westbound on Colorado 14 in a Peterbuilt tractor trailer.

10.    At approximately 9:25 p.m. at or near milepost 197 on Colorado 14, Eldon

Scharff, negligently, carelessly, and recklessly drove his vehicle across the centerline and collided with the vehicle driven by Robert Schleining.

11.     Both vehicles traveled off the road after the impact and came to rest.

12.     Upon impact, the left fuel tank of the vehicel Eldon Scharff was driving caught fire and exploded. After the collision the right fuel tank caught fire and exploded. Fuel spilled on the ground between the two trucks also ignited and burned, Eldon Scharff had been ejected and the fire spread to the area where he lay on the ground. Scharff's tractor was completely destroyed by the fire. Scharff's body was nearly totally charred in the fire.

13.     After his vehicle came to rest after the collision, Robert Schleining exited his truck but was unable to render assistance because of the fires.

14.     At the time of the collision, Eldon Scharff was an employee or agent of Knott Brothers Trucking LLC and/or Keyes Trucking, Inc.

15.     At all relevant times Eldon Scharff was acting within the course and scope of his employment or agency with Knott Brothers Trucking, LLC and/or Keyes Trucking, Inc.

16.     At all relevant times, Knott Brothers Trucking, LLC and Keyes Trucking, Inc. entrusted Eldon Scharff with the use and operation of the tractor trailer owned and leased by them.

17.     At the time of the collision, Eldon Scharff's CDL driver's license was suspended and had been suspended since June 20, 2006.

18.     After the collision, an autopsy was performed on Eldon Scharff, and cannabanoids, amphetamines, and methamphetamines were present in his urine and blood.

19.     At the time when Eldon Scharff was hired, while he was employed, and while he

was entrusted with the use and operation of the tractor trailer, Knott Brothers Trucking, LLC and Keyes Trucking, Inc. knew or reasonably should have known or discovered that Eldon Scharff was a danger and threat to the public while operating a motor vehicle, knew or should have known that Eldon Scharff's license was suspended, knew or should have known that Eldon Scharff was a user of illegal drugs and was under the influence of illegal drugs while he was operating their tractor trailers, and knew or should have known because of Eldon Scharff's dangerous propensities that they needed to prevent Eldon Scharff from operating tractor trailers owned by Keyes Trucking, Inc. and leased by Knott Brothers Trucking, LLC.

20. Knott Brothers Trucking, LLC and Keyes Trucking, Inc. had the right, opportunity and ability to control Eldon Scharff with respect to the use and operation of the tractor trailer owned by Keyes Trucking, Inc. and leased by Knott Brothers Trucking, LLC.

21. Knott Brothers Trucking, LLC and Keyes Trucking, Inc. were negligent in hiring, retaining, or supervising Eldon Scharff.

22. Knott Brothers Trucking, LLC and Keyes Trucking, Inc. were negligent in entrusting Eldon Scharff with the use and operation of the tractor trailer owned by Keyes Trucking, Inc. and leased by Knott Brothers Trucking, LLC.

23. As a direct and proximate result of the Defendants' negligent, careless, and reckless actions, which actions were willful and wanton and in disregard of the rights and safety of the public, including the Plaintiff, and as a direct and proximate result of the collision and its aftermath, Plaintiff has sustained severe and permanent physical, mental, and emotional injuries, including but not limited to, severe and debilitating Post Traumatic Stress Disorder requiring ongoing treatment, and other physical injury, and has sustained further damages and losses,

including, but not limited to, economic and non-economic damages, including but not limited to, lost past and future wages and income, loss of medical and rehabilitative expenses, and out of pocket expenses, pain and suffering, inconvenience, mental anguish, emotional distress, and loss of enjoyment of life, and will continue to sustain injuries, damages and losses into the future.

### FIRST CAUSE OF ACTION
**Negligence**
(Against all Defendants)

24. Plaintiff incorporates by reference the preceding paragraphs of the Complaint.

25. Defendant Eldon Scharff owed a duty to the public, including the Plaintiff, to operate his vehicle in a reasonable and safe manner on the roadway.

26. Defendant Eldon Scharff breached his duties by failing to operate his vehicle in a reasonable and safe manner on the roadway and in particular, Eldon Scharff negligently, carelessly, and recklessly drove across the centerline of the highway, in violation of the law.

27. Defendant Eldon Scharff's actions were in direct violation of Colorado statutory law, including but not limited to, C.R.S. §§42-4-1001, 42-4-1002, 42-4-1007, 42-4-1301 and constitute negligence *per se*.

28. The Estate of Eldon Scharff is liable for the negligent acts of Eldon Scharff.

29. Knott Brothers Trucking, LLC and Keyes Trucking, Inc. owed duties to the public, including Plaintiff, to act reasonably in hiring, training, retaining and supervising the drivers of its tractor trailers, including Eldon Scharff.

30. Knott Brothers Trucking, LLC and Keyes Trucking, Inc. owed duties to the public, including Plaintiff, to act reasonably in entrusting the use and operation of its vehicles to drivers.

31. Knott Brothers Trucking, LLC and Keyes Trucking, Inc. breached their duties by failing to act reasonably in hiring, training, retaining and supervising Eldon Scharff when Knott Brothers Trucking, LLC and Keyes Trucking, Inc. knew or should have known that Eldon Scharff was an unsafe driver and posed a substantial risk of harm and danger to the public and when Knott Brothers Trucking, LLC and Keyes Trucking, Inc. knew or should have known that it was not reasonable to have Eldon Scharff drive vehicles for a trucking company such as Knott Brothers Trucking, LLC and Keyes Trucking, Inc.

32. Knott Brothers Trucking, LLC and Keyes Trucking, Inc. further breached their duties by entrusting Eldon Scharff with the use and operation of the tractor trailer owned by Keyes Trucking, Inc. and leased by Knott Brothers Trucking, LLC, when they knew or reasonably should have known or discovered that Eldon Scharff was a danger and threat and a substantial risk to the public while operating a motor vehicle, knew or should have known that Eldon Scharff's license was suspended, knew or should have known that Eldon Scharff was a user of illegal drugs and was under the influence of illegal drugs while he was operating their tractor trailers, and knew or should have known because of Eldon Scharff's dangerous propensities that they needed to prevent Eldon Scharff from operating tractor trailers owned by Keyes Trucking, Inc. and leased by Knott Brothers Trucking, LLC.

33. As a direct and proximate result of Defendants' respective negligent, reckless, and careless actions, Plaintiff sustained injuries, damages and losses as more fully described herein and will continue to sustain injuries, damages and losses into the future.

**SECOND CAUSE OF ACTION**
**Vicarious Liability/Respondeat Superior**
(Against Knott Brothers Trucking and Keyes Trucking, Inc.)

34. Plaintiff incorporates by reference the preceding paragraphs of the Complaint.

35. At the time of the collision, Eldon Scharff was an employee or agent of Knott Brothers Trucking and/or Keyes Trucking, Inc.

36. At all relevant times Eldon Scharff was acting within the course and scope of his employment or agency with Knott Brothers Trucking, LLC and/or Keyes Trucking, Inc.

37. Keyes Trucking, Inc. and/or Knott Brothers Trucking, LLC are vicariously liable for the negligence of their employee and/or agent, Eldon Scharff and Eldon Scharff's negligence is imputed to them

38. As a direct and proximate result of Eldon Scharff's negligent, reckless, and careless actions, Plaintiff sustained injuries, damages and losses as more fully described herein and will continue to sustain injuries, damages and losses into the future, and Defendants, Knott Brothers Trucking, LLC and Keyes Trucking, Inc., are liable to Plaintiff for those injuries, damages, and losses.

WHEREFORE, Plaintiff prays for Judgment against the Defendants and each of them, and for relief as follows:

1. Economic damages, including but not limited to, medical and rehabilitation expenses, past and future lost income, and out of pocket expenses;

2. Non-economic damages, including but not limited to, pain and suffering, inconvenience, mental anguish, emotional distress, and loss of enjoyment of life;

3. All other compensatory damages caused by Defendants' actions, to be proven at trial;

4. Pre-judgment and post-judgment interest as provided for by law;

5. Attorney fees, costs and expenses of this action as provided for by law; and

6. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 13th day of May, 2008.

> BURG SIMPSON
> ELDREDGE HERSH & JARDINE, P.C.
> *Original signature on file at Burg Simpson*
> *Eldredge Hersh & Jardine, P.C.*
>
> *s/ Holly Baer Kammerer*
> Holly Baer Kammerer
> Steven Greenlee
> Burg Simpson Eldredge Hersh & Jardine, P.C.
> 40 Inverness Drive East
> Englewood, Colorado, 80112
> Telephone: (303) 792-5595
> Facsimile: (303) 708-0527
> E-Mail: hbaer@burgsimpson.com
> E-Mail: sgreenlee@burgsimpson.com
> *Attorneys for Plaintiff*