IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00998-BNB

MARIO COOPER,

Plaintiff,

v.

OFFICER BOWEN,

Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff Mario Cooper currently is detained at the Denver County Jail in Denver, Colorado. On May 5, 2008, Mr. Cooper submitted to the Court a Prisoner Complaint filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court must construe Mr. Cooper's Complaint liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

A legally frivolous claim is one in which a plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the Complaint, Mr. Cooper states that on April 9, 2008, Defendant Officer Bowen ordered him to remove his shoes. Plaintiff asserts that he refused to comply and walked away from Defendant Bowen. Plaintiff further asserts that after the incident

Defendant Bowen apprehended him and tried to cuff him, but Plaintiff refused and walked away. Plaintiff states that Defendant Bowen called for more deputies and that twelve to fifteen White and three Hispanic officers responded and assisted in cuffing Plaintiff. Plaintiff further states that when he was being cuffed Defendant Bowen called him a "Nigger," and told him to "shut up before we kick your ass." (Compl. at 4.) The Court also notes that in the Inmate Grievance Form that Plaintiff attached to the Complaint he first submitted to the Court on May 5, 2008, he states that there was no force and no weapons used when he was apprehended and cuffed.

No matter how inappropriate, verbal harassment and threats without more do not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Plaintiff does not allege specifically that Defendant Bowen physically injured or harmed him or used excessive force against him. Plaintiff, therefore, fails to state a claim that rises to the level of a constitutional deprivation with respect to his verbal harassment or threat claims against Defendant Bowen. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this *23* day of _____ June _____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00988-BNB

Mario Cooper
Prisoner No. 1533920
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _6/23/05_

GREGORY C. LANGHAM, CLERK

By: _____

Deputy Clerk